

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# Abdel Rahman v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4693

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Abdel Rahman v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4693

JAMAL KHALED ABDEL RAHMAN,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Mirlande Tadal
(No. A95-831-806)

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2006

Before: RENDELL and AMBRO, <u>Circuit Judges</u>
and BAYLSON,[*] <u>District Judge</u>

(Opinion filed February 7, 2007)

---

   [*]Honorable Michael M. Baylson, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

OPINION

AMBRO, Circuit Judge

Jamal Khaled Abdel Rahman petitions for review of an order issued by the Board of Immigration Appeals affirming the denial of his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We have jurisdiction to consider this petition for review under Section 242(b) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1252(b). For the reasons set forth below, we deny the petition.

I.

We highlight only those facts that are pertinent to our analysis. Abdel Rahman is a native and citizen of Jordan. He came to the United States as a non-immigrant visitor in October 2000 and was authorized to stay until March 2001. However, he overstayed his visa, and in April 2002 he married Manwa Omar, a lawful permanent resident of the United States. Their daughter, a U.S. citizen, was born in August 2003.

In April 2003, Abdel Rahman was charged with removal under 8 U.S.C. § 1227(a)(1)(B). He conceded the charge of removal and proceeded to apply for asylum, withholding of removal, and protection under the CAT; in the alternative, he requested voluntary departure. Abdel Rahman asserted that he feared persecution in Jordan because

2

of rising anti-American sentiment there and the likelihood that he will be perceived as an American upon his return. In addition, he believes that his wife, a Palestinian, would not be able to live with him in Jordan.

The Immigration Judge who considered Abdel Rahman's applications concluded that he was ineligible for asylum because his petition was filed well after the one-year limitations period and he failed to establish grounds for waiving the time bar. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (governing time limitation for asylum claims). In addition, the IJ found that Abdel Rahman had not demonstrated a well-founded fear of future persecution, as he provided no evidence that Jordanians who have lived in the United States are at risk of harm on their return to Jordan. As a result, the IJ concluded that Abdel Rahman's lack of evidence defeated both his withholding of removal and CAT claims. *See* 8 U.S.C. § 1231(b)(3)(A) (governing withholding of removal claims); 8 C.F.R. § 208.16, 208.18 (governing CAT claims). The IJ did, however, grant him voluntary departure.

Abdel Rahman appealed the IJ's decision as to each claim. The BIA affirmed the IJ's decision and dismissed his appeal. In so doing, the BIA agreed that Abdel Rahman's asylum application was untimely, that he had not demonstrated the existence of extraordinary circumstances preventing compliance with the one-year limitations period, and that he had not established that he would be persecuted or tortured if he returned to Jordan. The BIA reaffirmed the IJ's order permitting Abdel Rahman voluntary departure. He petitions us for review.

3

II.

Under 8 U.S.C. § 1158(a), we do not have jurisdiction to review the IJ's determination that Abdel Rahman's petition for asylum was not filed within the one-year limitations period, nor can we review a judgment that the period was not tolled by extraordinary circumstances. 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

We do have jurisdiction to review the IJ's decision to deny Abdel Rahman's petitions for withholding of removal and CAT relief. Where the BIA "adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Where, as here, the IJ and BIA conclude that a petitioner has not demonstrated a clear probability of future persecution or torture, we review this factual determination for "substantial evidence." *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001). Under this standard, we must uphold factual determinations unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We hold that substantial evidence supports the IJ and BIA's conclusion that Abdel Rahman did not demonstrate that it is "more likely than not" he will be in danger of harm upon returning to Jordan. He failed to provide sufficient support for his belief that Jordanians who have lived in the United States or who have American connections are subject to mistreatment, let alone persecution or torture. Abdel Rahman's proffered evidence of rising anti-American sentiment in Jordan because of the war in Iraq at most

4

indicates that American citizens could be endangered in Jordan; this evidence, however, does not deal with whether Jordanian citizens with ties to the United States are subject to risk.

* * * * *

Accordingly, we dismiss Abdel Rahman's petition for review of his asylum claims and deny the petition for review of his withholding of removal and CAT claims. We do not disturb the grant of voluntary departure ordered by the IJ and reaffirmed by the BIA.

5